UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  3/31/2022
```

**AMANDA CLARE**, *on behalf of itself and all others similarly situated*,

           **Plaintiff,**

-against-

**GREATBANC TRUST COMPANY, ET AL.,**

           **Defendant.**

**21-cv-3393 (ALC)**

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

    Plaintiff Amanda Clare brings suit against Defendants GreatBanc Trust Company, Long Point Capital, Inc., Long Point Capital Fund II, L.P. ("Fund II"), Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P. ("Fund III"), and Long Point Capital Partners III, L.P., alleging violations of Sections 404, 406, 409, 410, and 502(a) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1104, 1106, 1109, 1110, and 1132(a).

    Plaintiff is a participant in the EYP Holdings, Inc.'s ("EYP") Employee Stock Ownership Plan ("ESOP"). EYP is a privately-held well-regarded architectural. In 2011, Long Point Capital, a private equity firm, bought $9 million worth of EYP stock. In 2016, EYP undertook an ESOP, which resulted in 100% employee ownership of the company. GreatBanc served as trustee to the ESOP. To effectuate the ESOP, EYP needed to buy back stocks from its existing shareholders. Thus, the ESOP was two-fold. The first transaction involved the borrowing of the funds necessary to pay the shareholders, and the second was the payment to the shareholders, namely LPC. Plaintiff alleges that this share price did not reflect the fair market value of EYP stock and saddled EYP with loans. Plaintiff alleges these transactions violate ERISA because of the inflated share price paid to Long Point Capital. They allege that the Long Point Defendants

were parties in interest to these transactions and liable under ERISA.

Plaintiff commenced this action on January 21, 2021. Defendant GreatBanc filed an answer on June 28, 2021. On August 3, 2021, the remaining defendants jointly moved to dismiss. In her opposition to Defendant LPC's motion, Plaintiff withdrew her claims against the following defendants: Long Point Capital Fund II, L.P. and Long Point Capital Partners II, L.P. As such the Court considers the motion only as to Defendants LPC, Fund II, and Fund III (collectively, the "Long Point Defendants" or "Defendants"). Defendant Long Point Capital ("LPC") now moves to dismiss.

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. When ruling on a Rule (12)(b)(6) motion, a court must accept the factual allegations set forth in the complaint as true and "draw all reasonable inferences in [plaintiff's] favor." *See, e.g.*, *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Plaintiffs allege that the Long Point Defendants are parties in interest to transactions prohibited under Section 406(a). Defendants argue, inter alia, that these claims should be dismissed.

"To prevail on a claim for a violation of § 406(a) against a non-fiduciary, 'a plaintiff must prove all of the elements of a § 406(a) claim . . . , including that a plan fiduciary had 'actual

or constructive knowledge of the facts' that give rise to the § 406(a) violation.'" *Haley v. Tchrs. Ins. & Annuity Assoc. of Am.*, 377 F. Supp. 3d 250, 258 (S.D.N.Y. 2019) (alterations, citations, and quotation marks omitted).  Plaintiff must prove that:

> 1) the fiduciary caused the plan to engage in a prohibited transaction as defined by § 406(a)(1);
> 2) the factual circumstances of the transaction, which are such that a § 408 exemption does not clearly apply;
> 3) in causing the transaction, the fiduciary knew or should have known the factual circumstances underlying the transaction that satisfied § 406(a)(1);
> 4) the non-fiduciary knew that the transferor is an ERISA fiduciary;
> 5) the non-fiduciary knew that the fiduciary caused the transaction with the knowledge of the underlying facts that bring the transaction within § 406(a)(1); and
> 6) the non-fiduciary knew or should have known the factual circumstances underlying the transaction that satisfied § 406(a)(1).

*Id.* at 265–66.

Plaintiff must plead that each of the Long Point Defendants "knew or should have known the factual circumstances underlying the [ESOP] transaction[s]." *Id.*  Yet, the complaint makes scant allegations as to whether each of the Defendants had knowledge of the underlying facts. Plaintiff merely concludes that the Long Point Defendants knew or should have known the facts surrounding the ESOP scheme.  Such conclusory allegations are improper pleading under Rule 8 of the Federal Rules of Civil Procedure.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Not only has Plaintiff not pleaded facts regarding the Long Point Defendants' knowledge, but Plaintiff has also failed to sufficiently plead facts that the underlying transaction was unlawful. The Complaint refers to GreatBanc's lack of due diligence but does not allege that any of the Long Point Defendants had any knowledge of the sufficiency of GreatBanc's diligence.

In the Complaint, Plaintiff refers to the underdeveloped nature of their allegations in the complaint, stating that the opportunity for discovery will fill in the gaps.  *See* ECF No. 1 ¶¶ 46, 47, 56, 59, 70.  Although the Court must take Plaintiff allegations as true, the Court is under no

obligation to accept conclusory statements as substitutes for factual allegations.

Accordingly, the Long Point Defendants motion to dismiss is GRANTED. The Clerk of the Court is respectfully directed to terminate ECF No. 52 and terminate the following parties: Long Point Capital, Inc., Long Point Capital Fund II, L.P., Long Point Capital Partners II, L.P., Long Point Capital Fund III, L.P., and Long Point Capital Partners III, L.P. The Court will refer this action to the designated Magistrate Judge for general pretrial supervision.

**SO ORDERED.**

Dated:   March 31, 2022
         New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**